IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01064-REB-MEH

CHARLES LOWELL KENTZ,

    Plaintiff,

v.

LIEUTENANT BORJA, and
LIEUTENANT MOLINA, Special Investigation Supervisors of FCI – Florence, Colorado, each sued personally and in their individual capacities,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Pending before the Court is Defendants' unopposed Motion to Stay Discovery [docket #34]. The matter has been referred to this Court for disposition [docket #35]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendants' motion is **granted**.

**I.    Background**

Plaintiff instituted this action on May 21, 2008. In essence, Plaintiff alleges that Defendants made sexual threats and used other unlawful means, such as intimidation, to create false and incriminating evidence against the Plaintiff and his domestic partner in violation of the Fifth and Eighth Amendments. *See* Amended Complaint [docket #4]. On January 7, 2009, Defendants responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #29. Thereafter, on January 20, 2009, Defendants filed the within Motion to Stay Discovery, alleging that until the question of whether they are entitled to qualified immunity is ruled on by the court, "discovery should not be allowed." *See* docket #34 at 2. On

January 26, 2009, Defendants filed a Supplement to the within motion indicating that the Plaintiff does not oppose a request to stay discovery. Docket #38.

**II.     Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants filed a motion to dismiss the claims set forth in Plaintiff's Amended Complaint alleging, among other defenses, that they enjoy qualified immunity from the Plaintiff's claims.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendants.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants'

unopposed Motion to Stay Discovery [filed January 20, 2009; docket #34] is **granted**. All discovery is hereby stayed in this case pending the District Court's ruling on Defendants' Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

In addition, in light of the foregoing, the Court hereby **vacates** the Status Conference scheduled in this case for January 29, 2009, at 9:15 a.m.

Dated at Denver, Colorado, this 26th day of January, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge