**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01064-REB-MEH

CHARLES LOWELL KENTZ,

    Plaintiff,

v.

LIEUTENANT BORJA, and
LIEUTENANT MOLINA, Special Investigation Supervisors of FCI - Florence, Colorado,
   each sued personally, and in their individual capacities,

    Defendants.

---

**ORDER CONCERNING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendants' Motion To Dismiss** [#29][1] filed January 7, 2009; and (2) the magistrate judge's **Recommendation on Motion for Summary Judgment** [#46] filed March 11, 2009.  On March 18, 2009, the plaintiff filed his objections [#47] to the recommendation.  On February 20, 2009, the magistrate judge issued a notice [#44] notifying the parties that the defendants' motion to dismiss was converted to a motion for summary judgment.  The magistrate judge gave the parties an opportunity to submit further briefing, and the plaintiff filed a supplemental brief [#45].  As a result of the conversion, the magistrate judge analyzes the motion to dismiss [#29] as a motion for summary judgment.  I overrule plaintiff's

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

objections, approve and adopt the recommendation, and grant the motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable case law.  In addition, because the plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants.  **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The primary basis for the defendants' motion is their contention that the plaintiff's claim is barred under 42 U.S.C. § 1997e(a) because the plaintiff failed to exhaust his available administrative remedies concerning his claims.  Having reviewed the record,  I find and conclude that the magistrate judge's analysis of the exhaustion issue is correct and that the magistrate judge's conclusions of law and recommended disposition of the motion for summary judgment are correct.  I find and conclude also that the plaintiff's objections to the recommendation are without merit.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on Motion for Summary Judgment** [#46] filed March 11, 2009, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Defendants' Motion To Dismiss** [#29] filed January 7, 2009, converted to a motion for summary judgment, is **GRANTED**;

3.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Lieutenant Borja and Lieutenant Molina, against the plaintiff, Charles Lowell Kentz, on each of the plaintiff's claims for relief;

4.  That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5.  That this case is **DISMISSED**

Dated September 21, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3